UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JOHNNIE ROBERT CAPERS,

        Plaintiff,

v.

RICHARD SARETTE, Atty-P.D.,
RAMSEY COUNTY PUBLIC DEFENDER,
and CITY OF SAINT PAUL
POLICE DEPARTMENT,

        Defendants.

Civil No. 13-1041 (PJS/JJG)

**REPORT AND RECOMMENDATION**

        This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

        Plaintiff has filed a complaint, (Docket No. 1), seeking relief under 42 U.S.C. § 1983. He claims that his federal constitutional rights have been violated by the three named Defendants – (1) Richard Sarette, who is alleged to be a public defender employed by the Ramsey County Public Defender, (2) "Ramsey County Public Defender," and (3) "City of Saint Paul Police Department."

        Plaintiff alleges that in 2008, "[t]he City of Saint Paul Minnesota Police Department placed a 'NARCOTICS HOLD'" on his car after drugs allegedly were found in the car. (Complaint, p. 5, ¶ 9.) In September 2008, Plaintiff paid more than $480 to get his car back

from the City of St. Paul. According to Plaintiff, his car should not have been impounded, and he should not have been forced to pay $480 to get it back, because no drugs were found in the car. Plaintiff is seeking a judgment against the City of St. Paul Police Department for $480 to reimburse him for the cost of recovering his car after it was impounded.

Plaintiff further alleges that criminal charges were filed against him in 2008 in the state district court for Ramsey County, Minnesota, for "5th Degree Possession of Drugs/Cocaine." (Id., p. 4, ¶ 7.) Those charges apparently were related in some way to the impoundment of Plaintiff's car. A public defender, Defendant Richard Sarette, was appointed to represent Plaintiff in his criminal case.

Plaintiff alleges that there was "a breakdown in communication and attorney-client confidence," because Defendant Sarette failed to take Plaintiff's "innocence seriously," and failed to "file legal documents" on Plaintiff's behalf. (Id.) It is further alleged that Sarette "neglected to file a motion to suppress and other necessary legal motions" that would have shown why the charges against Plaintiff should have been dismissed. At some point during the state criminal case, Plaintiff told the trial judge that he was dissatisfied with Sarette's legal representation. The judge conducted an inquiry into the matter, and Sarette allegedly "validated the facts" presented by Plaintiff. However, the trial judge refused to appoint substitute counsel. (Id.)

Evidently, Plaintiff was convicted in his criminal case, because he alleges that he "lost 19 precious months of my life due to Richard Sarette's arrogance, incompetence and borderline bigotry." (Id., p. 5, ¶ 7.) Plaintiff further alleges that the trial judge "'VACATED' the conviction 2 years later due to 'Ineffective Assistance of Counsel' citing Richard Sarette

as ineffective and falling below the bar of effective legal counsel." (Id., pp. 4-5, ¶ 7.) According to Plaintiff's complaint, the trial judge's "ruling states there would likely never have been a trial had Richard Sarette performed the duties" that Plaintiff had requested, which Sarette "knew to be fundamental rules of pre-trial procedures in criminal cases." (Id., p. 5, ¶ 7.)

As previously mentioned, Plaintiff is now seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. The complaint includes a reference to "U.S. Constitution Sixth Amendment," which suggests that Plaintiff is claiming Defendants Richard Sarette and "Ramsey County Public Defender" deprived him of his Sixth Amendment right to effective assistance of counsel during his Ramsey County criminal case. Plaintiff has not identified any specific constitutional basis for his § 1983 claim against Defendant "City of Saint Paul Police Department," but it appears Plaintiff is claiming that his property (i.e., his car) was taken from him without due process, in violation of his constitutional rights under the Fourteenth Amendment.

Plaintiff is seeking a judgment that would compensate him for "every dime" that he spent on "towing and impound fees." (Id., p. 6, "Request for Relief.") He is also seeking damages in the amount of "$190.00 per day for every day spent incarcerated... or under parole supervision for criminal culpability," as a result of the criminal case described in the complaint. (Id., p. 7, "Request for Relief.")

**II. DISCUSSION**

If an IFP applicant files a complaint that fails to state a cause of action on which relief can be granted, the case will be summarily dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

3

To state a cause of action on which relief can be granted, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff is attempting to sue the named Defendants under 42 U.S.C. § 1983 for allegedly violating his federal constitutional rights. To state an actionable § 1983 civil rights claim, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A civil rights claimant must plead facts showing each named defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). Thus, in order to state an actionable civil rights claim against a defendant, a complaint must set forth specific factual allegations showing what that particular defendant allegedly did, or failed to do, while acting under color of state law, that purportedly violated

the plaintiff's federal constitutional rights.

Here, the Court finds, for a variety of reasons, that Plaintiff has failed to plead an actionable § 1983 civil rights claim against any of the named Defendants.

    A.  <u>Claims against Defendant Richard Sarette</u>

As stated above, in order to successfully sue a defendant under § 1983, a claimant must prove that the defendant violated the claimant's federal constitutional rights <u>while the defendant was acting under color of state law</u>.  See <u>Moore v. City of Desloge, Mo.</u>, 647 F.3d 841, 846 (8th Cir. 2011) (§ 1983 "authorizes a private right of action against those who, under color of law, deprive a citizen of 'any rights, privileges, or immunities secured by the Constitution and laws'").  In short, "[o]nly state actors can be held liable under Section 1983."  <u>Youngblood v. Hy-Vee Food Stores, Inc.</u>, 266 F.3d 851, 855 (8th Cir. 2001), <u>cert. denied</u>, 535 U.S. 1017 (2002).

In this case, Plaintiff is attempting to sue Defendant Sarette for various errors and misdeeds that Sarette allegedly committed while serving as Plaintiff's court-appointed public defender in the state court criminal case described in the complaint.  It is well settled, however, that <u>a public defender is not a state actor for § 1983 purposes</u>, which means that a public defender cannot be sued under § 1983 for allegedly violating a client's constitutional rights while serving as the client's court-appointed attorney in a criminal case. <u>Polk County v. Dodson</u>, 454 U.S. 312, 318 (1981) (public defenders cannot be sued in civil rights actions, because they are not considered to be acting under color of law when they are representing indigent criminal defendants); <u>Dotlich v. Kane</u>, 497 F.2d 390 (8th Cir. 1974) (same).  Because Defendant Sarette was not acting under color of state law while he was representing Plaintiff in his criminal case, Plaintiff has failed to plead an actionable

5

§ 1983 claim against Sarette.

### B. Claims Against "Ramsey County Public Defender"

The second Defendant listed in Plaintiff's complaint is identified as "Ramsey County Public Defender." It is unclear whether Plaintiff is alleging that this Defendant is an agency or an individual. It is clear, however, that Plaintiff is attempting to sue this Defendant based solely on allegations that this Defendant was the employer of Defendant Sarette. Plaintiff alleges that "Ramsey County Public Defender employs Richard Sarette," and that Ramsey County Public Defender has put "indigent individuals in harm's way via Richard Sarette's legal incompetence" because it "consciously employs Richard Sarette." (Complaint, p. 5, ¶ 8.) Plaintiff has not alleged a set of facts that could support any claim for relief against "Ramsey County Public Defender," per se. His complaint does not describe any specific acts or omissions by "Ramsey County Public Defender," which are separate and distinct from Sarette's alleged acts and omissions. It is readily apparent that, in fact, Plaintiff is seeking to hold "Ramsey County Public Defender" vicariously liable for the alleged misconduct of Defendant Sarette, based on the doctrine of respondeat superior.

It is well settled, however, that a party cannot be held liable on a § 1983 claim based on respondeat superior. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). See also Royster v. Nichols, 698 F.3d 681, 692 (8th Cir. 2012) ("'respondeat superior is inapplicable to claims under 42 U.S.C. § 1983'") (quoting Bell v. Kan. City Police Dep't, 635 F.3d 346, 347 (8th Cir.2011) (per curiam)). Thus, the Court concludes that Plaintiff has failed to plead an actionable § 1983 claim against Defendant "Ramsey County

6

Public Defender," (whatever or whoever that might be).[1]

### C. Claims Against Defendant "City of Saint Paul Police Department"

Finally, the Court finds that Plaintiff has failed to state an actionable § 1983 claim against Defendant "City of Saint Paul Police Department." The Court initially notes that this putative Defendant is not a cognizable legal entity that has the capacity to be sued. See Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992), ("[t]he West Memphis Police Department and West Memphis Paramedic Services are not judicial entities suable as such[;] [t]hey are simply departments or subdivisions of the City government"). For this reason alone, Plaintiff's complaint fails to state an actionable claim against "City of Saint Paul Police Department."

Furthermore, Plaintiff cannot maintain a civil rights action against the "City of Saint Paul Police Department" (or any other municipal entity or employee), based on allegations that he was deprived of his personal property in violation of his constitutional right to due process, because the State of Minnesota has provided a "post-deprivation" remedy to individuals who claim that their property was wrongly taken by a municipality or municpal employee. In Hudson v. Palmer, 468 U.S. 517 (1984), the Supreme Court held that "an

---

[1] Plaintiff has alleged that Defendant "Ramsey County Public Defender" is "an agent of Ramsey County, Minnesota." Although that allegation is accepted for present purposes, the Court notes that, according to Minn.Stat. § 611.263, subd. 3, "district public defenders and employees in the Second and Fourth Judicial Districts [which includes Ramsey County] who are hired on or after January 1, 1999, are state employees of the Board of Public Defense and are governed by the personnel rules adopted by the Board of Public Defense." (Emphasis added.) Thus, it appears that if Defendant Richard Sarette was hired as an assistant public defender in Ramsey County after January 1, 1999, the premise of Plaintiff's respondeat superior claim against "Ramsey County Public Defender" would be erroneous, because Plaintiff actually would be a state employee of the Board of Public Defense, rather than an employee of "Ramsey County Public Defender."

7

unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment, if a meaningful postdeprivation remedy for the loss is available." Id. at 533. This means that the requirements of the Constitution's due process clause are satisfied if there is a procedure by which a person can seek relief for an allegedly wrongful seizure of his property, after the seizure has occurred. A person who claims that his property was wrongfully taken by a state actor does not have an actionable § 1983 due process claim, if he has been afforded an adequate post-deprivation procedure for seeking redress.

      Here, Plaintiff had an adequate post-deprivation remedy for the allegedly wrongful seizure of his car. Under Minn.Stat. § 466.02, municipalities are generally "subject to liability for its torts and those of its officers, employees and agents acting within the scope of their employment." The right to seek relief under § 466.02 constitutes an adequate state post-deprivation remedy for the allegedly wrongful taking of Plaintiff's property. Hubenthal v. County of Winona, 751 F.2d 243, 246 (8th Cir. 1984) (per curiam) (plaintiff's § 1983 due process claim dismissed because Minn.Stat. § 466.02 provided plaintiff with an adequate post-deprivation remedy for his alleged loss of property rights). Because there is an adequate post-deprivation remedy available to Plaintiff under Minnesota law, he cannot maintain a federal civil rights action based on an alleged denial of due process. See Britten v. Benson, Civil Nos. 02-1002 (ADM/JGL), 02-1059 (ADM/JGL), 02-1192 (ADM/JGL) (D.Minn. 2002), 2002 WL 1558276 at * 2 ("[b]ecause Plaintiff had a right to obtain relief under § 466.02 for the alleged confiscation of his property, Plaintiff cannot now claim a violation of due process in his federal civil rights action against Defendants"). For this additional reason, Plaintiff has not stated an actionable § 1983 claim against Defendant

8

"City of Saint Paul Police Department."

## III. CONCLUSION

In sum, the Court finds that Plaintiff has failed plead any actionable § 1983 claim against any of the Defendants named in his complaint. Because Plaintiff has failed to state a cause of action on which relief can be granted, the Court will recommend that Plaintiff's IFP application be denied, and that this case be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: May 16, 2013

*s/Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by June 5, 2013. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.